## THE PEOPLE *v.* JOHN KELLY.

CIRCUMSTANTIAL EVIDENCE IN CRIMINAL CASE.—An instruction to a jury in a criminal case that they have a right to take into consideration all the surrounding circumstances in making up their verdict, is to be understood as limited to the circumstances in evidence.

POSSESSION OF STOLEN PROPERTY.—In a trial for larceny, where the testimony for the people consists of many suspicious circumstances, one of which is the possession of the property stolen by the defendant soon after the larceny was

committed, if the defendant fails to account for this possession it is a circumstance to be taken into consideration with other circumstances tending to show his guilt. INSTRUCTIONS TO. JURY.—If instructions-given in a criminal case embody the law of the case, it is not error to refuse other instructions which also embody the law. REBUTTING TESTIMONY FOR THE PROSECUTION.—The defendant in a criminal action is as much bound to produce testimony to rebut testimony for the prosecution which merely tends to prove his guilt as any other testimony introduced by the prosecution.

APPEAL from the County Court, Solano County.

The defendant appealed.

The other facts are stated in the opinion of the Court.

*Wm. S. Wells,* for Appellant.

The second instruction given on behalf of the people is irrelevant, and tended to mislead the jury by reason of its implied assumption that suspicious facts were in evidence which made it necessary to explain the possession. If such were the proper rules, we have gained nothing upon the rules that laid down possession to be *prima facie* evidence of guilt; for the Government has only to put in evidence the most trivial circumstance, as, for instance, the presence of the defendant at or near the time when and the place where the act is said to have been committed, follow it by proof of possession, and the burden of proof is conclusively thrown upon the prisoner. The instances given in 3 Greenleaf, Sec. 31, show that the character of the testimony required in such cases as the one at bar must be matters or circumstances naturally calculated to awaken suspicion, inconsistent with innocence, and tending *ex parte* to establish guilt. (*The People* v. *Chambers,* 18 Cal. 382 ; *People* v. *Ah Kee,* 20 Cal. 177.)

*J. G. McCullough, Attorney-General,* for the People.

The evidence, though only substantially given, is ample to sustain the verdict before this Court. The law is correctly given in the several instructions, and is applicable to the case made out by the evidence. There are many suspicious circumstances shown by the testimony indicative of guilt, which,

together with the recent possession of the property, warrant
the verdict.   In truth, if the law in this State is to be carried
any further than *People* v. *Chambers*, we may despair of a con-
viction for larceny from circumstantial evidence.   It is exceed-
ingly doubtful if this State has adopted the better rule as to
the recent possession of stolen property, and it is presumed
the rule will not be made any more liberal to defendants.


By the Court, CURREY, J.

The defendant was indicted for grand larceny.   He was
tried and found guilty and sentenced to be imprisoned in the
State Prison for the term of five years.   The evidence against
him was mostly of a circumstantial nature, and though it is
not insisted, it was not sufficient to warrant a verdict of guilty,
if the case had been properly submitted to the jury, yet the
defendant claims that the Court erred in matters of law on
the trial to his prejudice, and that in consequence thereof the
verdict and the judgment pronounced upon it should be
reversed.

At the request of the District Attorney the Court instructed
the jury as follows :   "Although the jury are to be satisfied of
the guilt of the defendant in order to convict, yet they have a
right to take into consideration all the surrounding circum-
stances in making up their verdict, and if from such circum-
stances they believe, beyond a reasonable doubt, that the
prisoner is guilty, although there may have been no eye wit-
ness of his taking the property, they must find a verdict
of guilty."   The defendant's counsel insists that the instruc-
tion did not limit the jury to the circumstances proved in the
case.   It must be presumed the Court was speaking of the
circumstances which were in evidence, and that the jury
understood the charge as referring to those circumstances and
none others ; because in such cases the jury is presumed to be
composed of " good and lawful men," possessed of at least
ordinary good sense, and capable of appreciating the obliga-
tion of their oaths to render a verdict " according to the evi-

dence." The obvious meaning of the instruction is this, that if the jury, from all the circumstances in evidence, believed without any reasonable doubt intervening, that the defendant was guilty of the crime alleged against him, then the verdict should be in accordance with such belief, even though no one saw the defendant steal the money described in the indictment. The instruction is an inculcation of a plain rule of law, namely, that if the circumstances proved establish the truth of the fact in issue to a reasonable and moral certainty ; a certainty that convinces and directs the understanding and satisfies the reason and judgment honestly and conscientiously exercised, then the verdict should in effect determine the existence of such fact ; or in other words, should be according to the evidence. (*Com.* v. *Webster*, 5 Cush. 320 ; *Sumner* v. *The State*, 5 Blackf. 580.)

The Court also instructed the jury, at the request of the District Attorney, in the following words : " If the jury believe that the property was stolen and was found in the possession of the prisoner very shortly after being stolen, and the prisoner failed to account for such possession, or to show that such possession was honestly obtained, it is a circumstance tending to show his guilt ; and the accused is bound to explain the possession in order to remove the effect of the possession as a circumstance to be considered in connection with other suspicious facts."

The fact of recent possession of stolen property standing wholly unconnected with any other circumstances, is of very slight persausive force. (3 Greenleaf's Ev., Sec. 31.) But the circumstance is permitted to be proved as a relevant fact, constituting an item of the aggregate of facts and circumstances necessary to warrant the conclusion of the defendant's guilt. While a single circumstance tending to establish the truth of the charge might not authorize the conclusion that the charge was true, all the circumstances, of which the circumstance merely tending to establish the main fact was one, might, taken together, be of a conclusive nature, and satisfy

the jury to a moral certainty and beyond all reasonable doubt of the defendant's guilt.

In *The People* v. *Ah Ki*, 20 Cal. 178, the Court charged the jury that the accused was bound to explain his possession of goods recently stolen, and how he obtained them. In reviewing this charge Mr. Justice Norton held that its effect was to convey to the jury the idea that the possession of the stolen goods, unexplained, was of itself sufficient to authorize a conviction, contrary to the rule laid down in *The People* v. *Chambers*, 18 Cal. 382; but he said: "If this charge could be understood as only stating that the accused was bound to explain the possession, in order to remove the effect of the possession as a circumstance to be considered in connection with other suspicious facts, it would not be erroneous."

The instruction under consideration conforms to the law as declared in the case of *The People* v. *Ah Ki*, and is in no sense repugnant to the doctrine laid down in *The People* v. *Chambers*, or of the recent case of *The People* v. *Antonio*, and hence we hold the instruction correct.

The counsel for the defendant submitted nine instructions which he asked the Court to give the jury—seven of which the Court gave, but refused the others for reasons assigned, which will be stated hereafter.

The instructions given comprehended in clear and direct language the questions of law involved in the case. If the jury heeded these instructions, as we must intend they did, we do not see how any injury could have resulted to the defendant from the refusal of the Court to give the other instructions requested, of which the jury knew nothing, even were it admitted that they embodied the law as it is; for it is not to be presumed that either the Court or counsel read to or in the presence of the jury the requested instructions which the Court refused to grant. Requested instruction number two the Court refused on the ground that it was calculated to mislead the jury as to the law. It reads as follows: "The People must make out their case by evidence that will amount to proof of the facts alleged in the indictment, and the defend-

ant is not required to produce evidence to rebut such evidence on the part of the prosecution as merely tends to prove the fact in question." The portion of the instructions given was, in effect, the same as that covered by the first proposition contained in the requested proposition here set forth in *hæc verba*, and in connection therewith the jury were told that proof beyond a reasonable *doubt* was necessary to establish a fact against the prisoner, and that if there was any such doubt as to any particular fact essential to be proved to establish the defendant's guilt, he was entitled to the benefit of the doubt and to be acquitted ; and, also, that if, upon a review of the evidence, there existed in the minds of the jury a reasonable doubt as to the defendant taking the property, as charged in the indictment, then he must be acquitted.

The second branch of this requested instruction that " the defendant is not required to produce evidence to rebut such evidence on the part of the prosecution as merely tends to prove the fact in question " in order to secure his acquittal, as abstractly stated, was properly refused, because evidence which merely tends to prove a material fact may become a constituent portion of the aggregate of proof which in its sum establishes the principal matter in issue beyond all reasonable doubt. Then, when in the first place a criminal charge is made out by all the evidence taken together, the defendant is bound, in order to overcome the case so made, to produce evidence in rebuttal, which evidence in rebuttal may be directed to and necessary for the overthrow of that produced on the side of the prosecution tending merely to the proof of a material fact. Hence, to have charged the jury as requested would have been improper.

Requested instruction number eight the Court refused to give to the jury on substantially the same ground as in the one noticed. It reads as follows : " Even though the jury should believe from the evidence that the money was stolen, and was found in the possession of defendant within a short time after its taking, the defendant is not bound to show to the reasonable satisfaction of the jury that he became pos-

sessed of it otherwise than by stealing. The evidence may fall far short of establishing that, and yet create in the minds of the jury a reasonable doubt as to his guilt." This instruction proceeds upon the theory that the only evidence in the case going to show that the defendant was guilty consisted in the fact that the stolen money was found in his possession soon after it was stolen. If it were admitted that the defendant's recent possession of the stolen property was the only evidence against him, the substantive portion of the requested charge would have been in consonance with the law as declared in *The People* v. *Chambers*. The rule relating to the question passed on in the case last cited was well stated in one of the instructions given by the Court to the jury at the defendant's request in the following words: "Even if the jury believe that the defendant had possession of the property, and that the same had been recently stolen, the fact is not of itself sufficient to authorize his conviction; it is merely a circumstance to be considered in determining his guilt."

The charge and instructions given seem to have been full, and a just exposition of the law applicable to the case before the jury. We are of the opinion the judgment should be affirmed.

Judgment affirmed.