[No. 10,550.—In Bank.]

## PEOPLE *v.* J. P. SWINFORD.

LARCENY—EVIDENCE—POSSESSION OF STOLEN PROPERTY.—The single circumstance, that the defendant is in possession of stolen property within a few days after it left the owner's possession, is not sufficient evidence to justify a conviction of larceny.

APPEAL from a judgment convicting the defendant of larceny, and an order denying a new trial, and refusing to settle a bill of exceptions, in the Superior Court of the County of Merced. MARKS, J.

*T. H. Laine*, and *Frank H. Farrar*, for Appellant.

The *Attorney-General*, for Respondent.

SHARPSTEIN, J. :

The evidence tends to prove, that, some time in the month of October, 1878, the defendant stopped at the house of one Huffman, with two horses, one of which belonged to Miller & Lux, and had been kept by them in a field about ten miles distant from Huffman's place.   Defendant was ill when he reached the latter place, and remained there three or four days.   While there, he exchanged the horse belonging to Miller & Lux with Huffman, for a mule and twenty-five dollars, of which Huffman paid ten dollars or twelve dollars at the time, the balance to be paid when defendant should call for it.   Defendant told Huffman that he (defendant) had purchased the horse from a Spaniard.   And in reply to inquiries made by Huffman, defendant said that he broke the horse while he was at work for Miller & Lux, and that if the horse ever got away, Huffman would find him at Miller's field.   Defendant said that he was going to Gilroy.   Huffman's house was not on the direct road from Miller's field to Gilroy, but was about seven miles out of the way.

About six weeks after defendant left the horse at Huffman's, some employees of Miller & Lux called upon Huffman and claimed the horse, and after being convinced that the horse belonged to Miller & Lux, Huffman surrendered the horse to them. There was evidence tending to prove that the defendant worked

for Miller & Lux in June or July, 1878, and had opportunities of seeing this horse, but did not break him; that the horse was missed in September, 1878; that defendant, after leaving the employment of Miller & Lux, returned to their ranch several times—once for his clothes; that no one who had authority to sell the horse sold him.

Conceding, as we do, that the horse was stolen from its owners, it does not seem to us that the evidence proves anything beyond the possession of the stolen property by the defendant within a few days after it left the owner's possession. In *People* v. *Noregia*, 48 Cal. 123, there was evidence "that the stolen horse was found in his (Noregia's) possession a few hours after it was taken"; but the Court held that that was not, "of itself, sufficient to warrant a conviction," and cited *People* vs. *Chambers*, 18 Cal. 382, and *People* v. *Ah Ki*, 20 Cal. 178.

The defendant in this case made some statements to Huffman, which, with one exception, are uncontradicted. Some of his statements, viz., that the horse had then recently been owned by Miller & Lux, and that he, defendant, had been working for them, were corroborated. The statement that the horse, if given a chance, would return to the field where he had then lately been kept, did not require any corroboration. Defendant's statement, that he purchased the horse of a Spaniard, is not corroborated nor contradicted, and the same is true of his statement that he was going to Gilroy. The statement that he broke the horse is contradicted; but that circumstance, considered in the light of the other circumstances of the case, is not sufficiently indicative of guilt to justify, in connection with the fact of the recent possession of the stolen property, a verdict of guilty. That he had an opportunity of knowing the horse, is not disputed. The defendant's entire conduct was consistent with innocence. He does not seem to have been in any hurry to get out of the neighborhood where the theft was committed. He remained three days within ten miles of the field where the horse had been kept, told who the late owners were, told where he, defendant, was going; and for anything appearing to the contrary, he went there. We are unable to discover in the evidence anything beyond the bare circumstance of his possession of the stolen horse that militates in the slightest degree

against the presumption of the defendant's innocence.  Laws are made and administered for the protection of the innocent, as well as for the punishment of the guilty.

Judgment and order denying motion for a new trial reversed, and cause remanded for a new trial.

ROSS, J., and THORNTON, J., concurred.

MYRICK, J., concurred in the judgment.