THE PEOPLE, Respondent, v. FRANCISCO VIDAL, Appellant.

CRIMINAL LAW —LARCENY—EVIDENCE—POSSESSION OF STOLEN PROPERTY—
CORROBORATION.—Where the defendant was found in the possession of a
recently stolen mare, slight corroborative evidence of other inculpatory
circumstances tending to show his guilt, in the absence of evidence on
his part is sufficient to authorize submission of the case to the jury.

ID.—ARREST OF DEFENDANT—DISTINCT OFFENSE.—Evidence of the arresting
officer that prior to the arrest of the defendant he had been search-
ing for him upon another and distinct criminal charge, in no way
connected with the one before the court, is inadmissible, and it is
prejudicial error to overrule an objection thereto, and to refuse
to strike it out.

APPEAL from a judgment of the Superior Court of San Luis
Obispo County and from an order denying a new trial.   E. P.
Unangst, Judge.

The facts are stated in the opinion of the court.

Graves & Graves, and Louis Lamy, for Appellant.

W. F. Fitzgerald, Attorney General, and Charles H. Jackson,
Deputy Attorney General, for Respondent.

HENSHAW, J.—The defendant, convicted of grand larceny,
appeals from the judgment and from the order denying him a
new trial.

It is first contended that, as matter of law, the evidence on be-
half of the people is insufficient to sustain the verdict and judg-
ment, for that defendant was convicted upon the uncorrobo-
rated circumstance that he was found in the possession of a mare
recently stolen.     (*People v. Swinford,* 57 Cal. 86; *People v.
Velarde,* 59 Cal. 463.)   The testimony tended to show that the
stolen animal was the property of George Walker; that she, with
other animals, was running in an inclosed pasture; that her owner
had seen her on August 30th or 31st.     On September 1st she
was gone.     The gate of the pasture was locked, but it could be
opened by lifting it from its socket and swinging it out-

ward. The defendant was arrested at Santa Margarita, at 10 o'clock of the night of September 2d. Santa Margarita is about thirty miles from the place where the mare was stolen. Defendant was driving her harnessed to a buggy, and leading another horse. When arrested he spoke of the horses as his own, asked what was going to be done with "his rig," declared that it had been his intention to take it to Mr. Boronda's ranch and put the horses in pasture. At the time of his arrest he denied his identity, and asserted that he was not Francisco Vidal, but his brother. He had very recently shaved his mustache. He explained his movements and whereabouts for the preceding two days, and his account was inconsistent with the evidence of witnesses who had seen him, and who were familiar with the localities which he declared he had visited. This is a fair resumé of the evidence offered on behalf of the people.

It is urged that these circumstances are not corroborative of the single inculpatory fact of the possession of recently stolen property. The defendant offered no evidence, so that the case stands upon these facts alone. Though the corroborating evidence is not very strong, still we think it sufficient to authorize the submission of the case to the jury.

The witness Cook, who aided in making the arrest of defendant, had testified that he first learned upon September 1st that the horses had been stolen. He was then asked: "How long prior to that time had you been looking for this man, if at all?" An objection was interposed to the question, and the district attorney stated that his object was to show the flight of the defendant. The court overruled the objection, and the witness answered: "I had been looking for him for about two weeks." A motion was then made to strike out the answer, and it was denied. As the witness had testified that he was looking for the defendant for two weeks before he knew of the larceny of the horse, it is manifest that he was in search of him for some reason entirely disconnected with the charge. The witness was the city marshal of San Luis Obispo. From other parts of his testimony, elicited upon direct examination under objection of defendant, it is made to appear that he was looking for defendant, with sheriff Matthews of Salinas City, to arrest him upon another separate and distinct criminal charge, and in fact he was

arrested upon that charge, and not for the larceny of the horse. Under pretense that the evidence to be adduced was to show the flight of the defendant charged with the particular crime under investigation as evidence of his guilt, the court permitted testimony to go before the jury to the injury of defendant, involving a charge against him of a separate and distinct crime in no way connected with the one before the court.

The injury worked to defendant by this is apparent, and because of it the judgment and order are reversed and the cause remanded for a new trial.

McFarland, J., and Temple, J., concurred.