[Crim. No. 429. Department One.—November 30, 1898.]

## THE PEOPLE, Respondent, v. HARRY LYNCH, Appellant.

CRIMINAL LAW—ROBBERY—EVIDENCE—CORROBORATION OF ACCOMPLICE.— The conviction of a defendant charged with robbery is not rendered insufficient by the testimony of an accomplice directly connecting the defendant with the commission of the crime, where it appears that there is evidence, in addition to that of the accomplice which, without its aid, tends to connect the defendant with the crime charged.

ID.—DECLARATIONS OF DEFENDANT AS TO DISTINCT OFFENSES.—Evidence of declarations of the defendant as to the intention of himself and another person to commit other and distinct offenses of robbery, is inadmissible.

ID.—EVIDENCE OF COLLATERAL FACTS INADMISSIBLE.—Under the rule that testimony must be confined to the issues, evidence of collateral facts, which are incapable of affording any reasonable presumption or inference as to the principal fact or matter in dispute, is inadmissible.

ID.—CROSS-EXAMINATION—BIAS OF WITNESS—COLLATERAL IMPRISONMENT OF DEFENDANT.—A witness for the defendant, who had merely testified in chief that he knew the defendant, and that defendant had money the day before the alleged robbery, could not properly be asked on cross-examination if he had not once been with the defendant in the county jail in another county. Such evidence is not sufficient to justify an inference of bias on the part of the witness, and is inadmissible evidence of a collateral imprisonment of the defendant, erroneously adapted to furnish an inference pointing to the probability of his being guilty of the offense charged.

ID.—INSTRUCTION AS TO TESTIMONY OF ACCOMPLICE.—An instruction as to the testimony of an accomplice should clearly point out the rule that the evidence of the accomplice is insufficient of itself to justify a conviction, and also clearly point out what degree of proof is sufficient as corroborative of that of the accomplice.

APPEAL from a judgment of the Superior Court of Sacramento County, and from an order denying a new trial. E. C. Hart, Judge.

The facts are stated in the opinion.

J. O. Prewett, and W. F. Renfro, for Appellant.

W. F. Fitzgerald, Attorney General, and Charles H. Jackson, Deputy Attorney-General, for Respondent.

CHIPMAN, C.—Defendant Lynch was jointly, with Frank Davis and Fred Howard, informed against for the crime of robbery. This appeal is from a judgment of conviction against Lynch, and from an order denying his motion for a new trial.

1. Defendant contends that he was convicted upon the uncorroborated testimony of an accomplice, and that therefore, under section 1111 of the Penal Code, the judgment cannot stand.

The only direct evidence of defendants' connection with the crime was given by his codefendant Davis.

As we think the judgment and order must be reversed upon other grounds, it is sufficient to say upon the point just stated that we are unable to agree with defendant. It appears to us that there is evidence in addition to that of the accomplice which, without its aid, tends to connect the defendant with the commission of the offense charged.

2. On redirect examination of Davis by the district attorney he asked the witness to state "the conversation that occurred on Saturday night (the night before the robbery) when Lynch, Howard, and yourself were present; anything that was said between Howard and Lynch, or anything that was said between yourself and Lynch." Defendant objected as irrelevant, immaterial, and incompetent, and was overruled and an exception was reserved. The witness answered: "Lynch started to tell us about a fellow named the Rambler. He told us that the Rambler and him were going down to hold up the station at Davisville; also the big hotel across the railroad. He only had one gun." Defendants' counsel moved to strike out this answer as irrelevant, incompetent, and immaterial. The motion was denied. We think this ruling was prejudicial error.

Testimony must be confined to the issues. Evidence of collateral facts are excluded under the rule as being incapable of affording any reasonable presumption or inference as to the principle fact or matter in dispute. (1 Greenleaf on Evidence, secs. 51, 52.) It is under this rule that it is held to be incompetent for the prosecution to give evidence of facts tending to prove another distinct offense for the purpose of raising an inference that the person had committed the offense in question. So, also, it is incompetent to give evidence of the prisoner's tendency to commit the offense with which he is charged. (Roscoe's Criminal Evidence, *81; *People v. Tyler*, 36 Cal. 522; *People v. Vidal*, 121 Cal. 221.)

3. The witness Smith was called for defendant, and testified that he knew defendant, and that defendant had five or six dollars on Saturday, October 3d, the day before the robbery. On cross-examination, the district attorney asked the witness if he and defendant were not together in Stockton, to which witness replied that they were once. The witness was then asked: "Weren't you there with him in the county jail?" The question was objected to as irrelevant and incompetent. Objection was overruled, and the witness answered, "Yes." The district attorney claimed that the evidence was admissible for the purpose of showing the relations of the witness and prisoner. If this fact had come out as part of a narrative in which the witness was endeavoring to explain their relations it might be that, under the rule as laid down in *People v. Ward*, 105 Cal. 335, and *People v. Kuches*, 120 Cal. 566, it should be allowed to stand; but the bare fact that the two were together in a jail at Stockton, or elsewhere, would not be sufficient to justify the inference of bias on the part of the witness. And in its effect upon defendant, as furnishing an inference pointing to the probability of his being guilty of the offense charged, it was inadmissible for the reasons heretofore stated. (*People v. Vidal, supra.*)

The court gave the following instructions for the people: "If you believe that an accomplice has testified in this case, and you believe, beyond a reasonable doubt, from his testimony, that the defendant, Lynch, is guilty of the alleged offense in the information charged, and then, in connection therewith, you believe from the evidence, outside of that which tends to connect the

defendant with the commission of the offense, other than shown in the commission of the offense itself and the circumstances thereof, then it will be your bounden duty to find the defendant guilty." The conviction of Lynch largely rested upon the evidence of his accomplice, Davis. I do not think this instruction clearly points out the rule that the evidence of the accomplice is insufficient in itself to justify conviction; nor does it clearly point out what degree of proof is sufficient as corroborative of that of the accomplice.

The judgment and order should be reversed and the cause remanded.

Haynes, C., and Britt, C., concurred.

For the reasons given in the foregoing opinion the judgment and order are reversed and the cause remanded.

Garoutte, J., Van Fleet, J., Harrison, J.