THE PEOPLE, PLAINTIFF AND RESPONDENT, v. LAUREANO, DEFENDANT AND APPELLANT.

APPEAL from the District Court of San Juan, Section 2, in a case of petty larceny.

No. 646.—Decided January 13, 1914.

APPEAL—BRIEF.—When the appellant does not file a brief the court will consider only the fundamental errors.

PETTY LARCENY—POSSESSION OF STOLEN PROPERTY—PRESUMPTION.—Perhaps the possession of stolen property immediately after the robbery may not of itself alone raise the presumption of guilt in the possessor, but generally there are other circumstances surrounding the transaction which would be taken into consideration in order to determine the guilt of the accused.

ID.—EXPLAINING POSSESSION OF STOLEN PROPERTY.—The fact that a person cannot explain how he acquired possession of stolen articles, although given an opportunity to do so, constitutes one of the circumstances of the presumptive commission of the crime sufficient to justify a conviction. The jurisprudence on this point is analyzed in the opinion.

ID.—POSSESSION OF STOLEN PROPERTY—CIRCUMSTANCES ESTABLISHING GUILT OF POSSESSOR.—When a person washing his hands puts a ring on the washstand and, being called out suddenly, the ring disappears and the accused, who had access to the place by reason of being employed in the same factory, is found in possession of the said ring and upon being questioned about it replies that he purchased it from a little colored boy whom he is unable to produce, and the accused fails to prove at the trial that he enjoys a good reputation, such circumstances are sufficient to justify a conviction of the accused of the theft of the said ring.

The facts are stated in the opinion.
*Mr. Charles E. Foote, fiscal,* for The People.
*Mr. Celestino Iriarte, Jr.,* for appellant.
MR. JUSTICE WOLF delivered the opinion of the court.

This is one of the many criminal appeals brought to this court wherein the appellant files no brief and makes no showing of any kind until the day of the hearing. It is an exceedingly unfortunate practice and puts an additional burden on the court and on the prosecuting officer. If counsel is called into the case at the very last minute, then an application should be made to the court for permission to file a brief, notifying the solicitor of this court. If the court should then

refuse the application, counsel will have done his whole duty to the court and to his client. He should not come into court on the day of the hearing without an adequate explanation of why no brief has been filed, otherwise we shall not consider any errors unless they are fundamental such as those relating to jurisdiction or the sufficiency of the information.

The appellant was tried and convicted of the crime of petit larceny in both the municipal and the district court, and the latter court sentenced him to two months in jail. The only point raised by the appellant is that the mere possession of a stolen article raises no presumption of guilt, and that as only possession of the stolen article was shown, the proof was inadequate to convict the defendant.

The facts were as follows: Bernabé Pascual, the prosecuting witness, was the owner of a finger ring. He is a machinist in charge of a particular machine in the tobacco factory of La Colectiva. He went to wash his hands in the washroom and took off his ring and put it on the washstand, whereupon he heard the cry of a woman whose hand was caught in a machine and went out to her assistance. When he returned to look for the ring it had disappeared. Some time afterwards the prosecuting witness recovered the same ring from the shop of José Trápaga. José Trápaga had bought the ring from a policeman by the name of Jacinto González who had bought it of Angel María Castro. Angel María Castro bought the ring from the defendant, Ignacio Laureano. One of the Insular policemen traced the ring back from the possession of Trápaga to defendant. When the defendant was asked how he obtained the ring he replied that he had bought it from a little colored boy. The policeman gave the defendant time to find the little colored boy and when two weeks had elapsed and the colored boy was not found, the policeman arrested the defendant. The defendant was also an employe of La Colectiva at the time that the ring was stolen and had access to the place where Bernabé Pascual left the ring. The ring was worth less than $15.

At the hearing the solicitor of the court urged that in the great majority of jurisdictions the possession of goods recently stolen raises a presumption of guilt and puts a burden on the defendant of accounting for the possession and is evidence sufficient to justify a conviction, citing *Knickerbocker* v. *The People,* 43 N. Y., 177, and other cases. He admits that the rule is otherwise in California, from which our Penal Code was taken. The rule in California and other States is that the bare possession of goods stolen, in the absence of other circumstances, is insufficient to convict. *People* v. *Swinford,* 57 Cal., 86; *People* v. *Brown,* 48 Cal., 253; *People* v. *Wong Chong Suey,* 110 Cal., 121.

It has been pointed out by Wigmore, paragraph 2513, that "One of the most troublesome and fruitless controversies has been whether under certain circumstances the accused's possession of stolen goods raises a presumption that he was the thief." It is really, he points out, an inference of fact. Similar considerations are pointed out by Wharton in his Criminal Evidence, paragraph 758, tenth edition, and likewise by Chamberlain in The Modern Law of Evidence, paragraphs 1123 *et seq.* And the latter writer points out in paragraph 1124 that "Whatever may be the proper weight in evidence of the inference of guilt from unexplained possession, where it is found unqualified by other evidence, the question is apt to prove an academic one, in most cases, and it will seldom occur that such possession is unaccompanied by unqualifying facts." Such was also the view of the late Mr. Justice MacLeary of this court, who then being a member of the Supreme Court of Montana wrote the opinion in the case of *Territory* v. *Doyle,* 7 Mont., 250. The court says:

"It is further claimed by the appellant that the evidence is not sufficient to support the verdict. That the recent possession of stolen property is not of itself sufficient to justify a conviction of the possessor as a thief, is a principle very well settled, and the court so charged the jury. But other circumstances nearly always surround the transaction, to throw light upon the possession."

We should be inclined to follow the jurisprudence of the State of California and kindred States in this regard even if it were necessary to decide a case of the bare possession of stolen goods after the theft, although it is unnecessary for us, in this case, to make so specific a decision. The cases in California decide that the possession of property soon after the theft is a suspicious circumstance which, concurring with other circumstances, places on the defendant the duty of explaining it. *People* v. *Kelly,* 28 Cal., 423; *People* v. *Luchetti,* 119 Cal., 501; *Pèople* v. *Vidal,* 121 Cal., 221; *People* v. *Wilson,* 135 Cal., 331; and *People* v. *Matezuski,* 11 Cal. Apps., 465. See also *Territory* v. *Doyle,* 7 Mont., 250; *State* v. *Sanford,* 8 Idaho, 187.

In the Vidal case, *supra,* it was laid down that when defendant was found in the possession of a recently stolen mare slight corroborative evidence of other inculpatory acts was sufficient to submit the case to the jury. One of the additional facts which has been held to be sufficient to convict a person in possession of recently stolen goods is his failure to explain, when given an opportunity to do so. *Thomason* v. *State,* 41 S. W., 638; *State* v. *Marshall,* 74 N. W., 763; *State* v. *King,* 96 N. W., 712. 25 Cyc., 138.

Similarly, the weight of the explanation when given may be left to the jury, if there is one. 25 Cyc., 138. In the case at bar the defendant was not only in possession of the stolen ring but he was an employe in the same factory where the prosecuting witness was employed and had access to the room from which the ring was taken. He was given an opportunity to explain his possession and said that he bought the ring from a little colored boy, but although given two weeks' time by the policeman to find the little boy, he was unable to produce him. When a man is found in possession of recently stolen goods and is given an opportunity to explain his possession he is under a duty to society to explain such possession, and failing to do so satisfactorily to the jury or judge

who tries the case, a conviction will not be reversed by the appellate court.

When a man is found in possession of stolen goods and is unable to produce the man from whom he obtained the same he can frequently offer evidence of his previous good character to offset his suspicious possession but in any event the judge or the jury, as the case may be, must be satisfied beyond a reasonable doubt of the guilt of a defendant.

Here the case was tried by the judge, who had the defendant before him and who was entitled to determine whether the explanation of the purchase from a little colored boy was satisfactory. There was not only the element of whether the explanation was satisfactory but the defendant's opportunity for taking the ring was also a circumstance to be taken into consideration by the trier.

We find no error and the judgment must be affirmed.

*Affirmed.*

Chief Justice Hernández and Justices del Toro and Aldrey concurred.