STATE, Respondent, v. H. E. WHITNEY, Appellant.

[254 Pac. 525.]

CRIMINAL LAW—FALSE PRETENSES—ELEMENTS OF—EVIDENCE—FLIGHT.

1. In order to constitute offense of "obtaining money by false pretenses" within C. S., sec. 8474, there must be an intent to defraud, actual fraud committed, and false pretenses must be used for perpetrating fraud, which must be accomplished by means of false pretenses made for that purpose.

2. Essence of crime of obtaining money by false pretenses, in violation of C. S., sec. 8474, lies in obtaining the money with intent to defraud.

3. In prosecution under C. S., sec. 8474, for obtaining money by false pretenses, alleged false pretenses, when oral, must be proved by testimony of two witnesses, or of one witness, and corroborating circumstances in accordance with sec. 8956.

4. In prosecution under C. S., sec. 8474, for obtaining money by false pretenses, the admission of criminal complaint sworn to by prosecuting witness *held* erroneous, whether admitted for purpose of bolstering testimony of prosecuting witness or in corroboration thereof, within sec. 8956, since it was inadmissible for any purpose, being wholly incompetent, self-serving and hearsay.

5. In prosecution under C. S., sec. 8474, for obtaining money by false pretenses, admitting in evidence a circular containing defendant's photograph and description, with request that peace officers keep a lookout and arrest him if found, *held* erroneous, as being incompetent for proving any element of crime charged, and serving no purpose other than to inflame minds of jury and tend to prejudice them against defendant.

6. Fact of defendant's flight is to be determined by his own movements, and not by those searching for him.

7. In prosecution under C. S., sec. 8474, for obtaining money by false pretenses, admission of evidence as to defendant's fraudulently obtaining automobile license, and of appropriating automobile in which he left state, *held* erroneous, when considered in connection with instructions on weight and effect of evidence of flight, which failed to' require that flight must have been to escape arrest or prosecution for offense charged.

8. Flight in respect to another and different offense is not to be considered as evidence of guilt of offense from which there was no flight.

APPEAL from the District Court of the Third Judicial District, for Ada County. Hon. O. R. Baum, Judge, Presiding.

H. E. Whitney was convicted of obtaining money by false pretenses, and he appeals. *Reversed and new trial granted.*

William Healy, for Appellant.

The crime of obtaining money under false pretenses is not committed by one who obtains a loan by means of false statements as to the purpose for which he desires or intends to use it. (Brill, Cyc., Cr. L., sec. 1236; McClain, Cr. L., sec. 667; *Johnson v. State*, 57 Tex. Cr. 347, 123 S. W. 143; *Commonwealth v. Warren*, 94 Ky. 615, 23 S. W. 193; *State v. DeLay*, 93 Mo. 98, 5 S. W. 607; *Urban v. Tyszka*, 16 Pa. Dist. Ct. 625; *Commonwealth v. Moore*, 99 Pa. 570; *Reg v. Woodman*, 14 Cox (Eng.), 179.)

False representations must be strictly proved as laid in the information. The testimony of the complaining witness was not substantially corroborated. (McClain, Cr. L., sec. 710; *People v. Lapigue*, 10 Cal. App. 669, 103 Pac. 164; *State v. Keep*, 85 Or. 265, 166 Pac. 936; *People v. Neetens*,

Publisher's Note.

1. Intent to defraud as an element of obtaining money under false pretenses, see notes in 25 Am. St. 378; 10 L. R. A. 303. See, also, 11 R. C. L. 837.

6. Admissibility of evidence to prove flight, see note in 25 A. L. R. 899.

8. Flight as evidence of guilt, see note in 25 A. L. R. 886.

See Criminal Law, 16 C. J., sec. 1034, p. 543, n. 39; sec. 1063, p. 552, n. 23; sec. 1066, p. 553, n. 42; sec. 1132, p. 586, n. 98; sec. 1234, p. 624, n. 26; 17 C. J., sec. 3662, p. 319, n. 22.

False Pretenses, 25 C. J., sec. 10, p. 589, n. 86; sec. 11, p. 589, n. 87; sec. 12, p. 590, n. 88; sec. 27, p. 599, n. 89; sec. 31, p. 602, n. 7, p. 603, n. 8; sec. 33, p. 604, n. 20; sec. 88, p. 651, n. 45.

42 Cal. App. 596, 184 Pac. 27; *State v. Bratton,* 56 Mont. 563, 186 Pac. 327; *State v. Brantingham,* 66 Mont. 1, 212 Pac. 499.)

There can be no conviction on charge of obtaining money under false pretenses unless the pretense be proved by the testimony of two witnesses or by one witness and corroborating circumstances. (C. S., sec. 8956; *State v. Bratton, supra; State v. Brantingham, supra; State v. Neetens, supra; State v. Howd,* 55 Utah, 527, 188 Pac. 628; *Smith v. State,* 7 Okl. Cr. 136, 122 Pac. 732; *Ericksen v. State,* 14 Ariz. 253, 127 Pac. 755; *State v. Taylor,* 51 Mont. 387, 153 Pac. 275.)

The admission in evidence of the criminal complaint was error. (Abbott's Proof of Facts, 4th ed., p. 451; Ibid., p. 453; *Vicksburg etc. R. Co. v. O'Brien,* 119 U. S. 99, 7 Sup. Ct. 172, 30 L. ed. 299.)

Flight must be shown by the movements of the defendant and not by those of the officers. (*State v. Hogg,* 64 Or. 57, 129 Pac. 115.)

Evidence of flight is inadmissible unless it is shown that accused had actual knowledge that he was accused or was about to be accused of the crime for which he is being tried. (*People v. Jones,* 160 Cal. 358, 117 Pac. 176; *People v. Lem Deo,* 132 Cal. 199, 64 Pac. 265; *State v. Sorenson,* 157 Iowa, 534, 138 N. W. 411; *State v. Marshall,* 115 Mo. 383, 22 S. W. 452; *State v. Van Winkle,* 80 Iowa, 15, 45 N. W. 388; *State v. Frederick,* 69 Mo. 400; *People v. Brecker,* 20 Cal. App. 205, 127 Pac. 666; *People v. Wolfgang,* 192 Cal. 754, 221 Pac. 907.)

It was improper for the court in its instructions to single out for special comment the circumstances of flight. (*People v. Wolfgang, supra; State v. Jones,* 28 Ida. 428, 154 Pac. 378; *People v. Jones, supra.*)

Flight from another offense is not a circumstance to be considered by the jury, and they should be so instructed. (16 C. J. 552, 985; *People v. Vidal,* 121 Cal. 221, 53 Pac. 558.)

Proof of flight has no tendency to prove any element of the *corpus delicti*. (*State v. Sullivan*, 34 Ida. 68, 17 A. L. R. 902, 199 Pac. 647; *State v. Howd, supra; Territory v. Lucero*, 16 N. M. 652, 120 Pac. 304, 39 L. R. A., N. S., 58; *People v. Davis*, 14 Cal. App. 117, 111 Pac. 268; *State v. Baird*, 13 Ida. 29, 88 Pac. 233; *Alberty v. United States*, 162 U. S. 499, 16 Sup. Ct. 864, 40 L. ed. 1051.).

Frank L. Stephan, Attorney General, and John W. Cramer and Leon M. Fisk, Assistant Attorneys General, for Respondent.

Where several false pretenses enter into the transaction, proof of any one thereof constituting an operative cause is sufficient to support the verdict. (*People v. Ward*, 5 Cal. App. 36, 89 Pac. 874; *People v. Meadows*, 22 Cal. App. 311, 134 Pac. 337; *State v. Hetrick*, 84 Kan. 157, 113 Pac. 383, 34 L. R. A., N. S., 642.)

The corroboration herein was sufficient. (*State v. Gillum*, 39 Ida. 457, 228 Pac. 334; *State v. Smith*, 30 Ida. 337, 164 Pac. 519.)

In this class of cases (false pretenses) the circumstances connected with the transaction, the entire conduct of the defendant, and his declarations to other persons, are proper matters for the consideration of the jury, and may be looked to, to furnish the corroborative evidence contemplated by the law. It cannot be said there is not corroborative evidence from which the jury could draw the inference that the defendant made the false statements to the complaining witness. Therefore the verdict of the jury is conclusive, as the jurisdiction of this court under such circumstances is limited to questions of law alone. (*People v. Wymer*, 53 Cal. App. 204, 199 Pac. 815; *People v. Haskins*, 49 Cal. App. 640, 194 Pac. 43.)

The action of the court in permitting the introduction of certain oral and documentary evidence where no exception is saved thereto will not be reviewed. (*State v. Brockman*, 39 Ida. 468, 228 Pac. 250; *State v. Ashby*, 40 Ida. 1, 230 Pac. 1013.)

Instructions only suggesting the law applicable if certain facts be found does not invade the province of the jury and is not a charge on the weight of the evidence. (*State v. Jurko*, 42 Ida. 319, 245 Pac. 685.)

Flight is a circumstance that may be considered by the jury in determining the guilt or innocence of an accused, and the court may properly so instruct the jury. (*People v. Armstrong*, 114 Cal. 570, 46 Pac. 611; *State v. Davis*, 6 Ida. 159, 53 Pac. 678; *People v. Cox*, 29 Cal. App. 419, 155 Pac. 1010; *State v. Stewart*, 65 Kan. 371, 69 Pac. 335.)

In a prosecution for obtaining money under false pretenses, the circumstances connected with the transaction, the entire conduct of the accused, and his declarations to other persons are held proper matters to consider as furnishing corroborative evidence contemplated by law. (*People v. Mace*, 71 Cal. App. 10, 234 Pac. 841; *People v. Haskins, supra; People v. Wymer, supra.*)

BUDGE, J.—Appellant was convicted of the crime of obtaining money by false pretenses and he appeals. The information filed against him charged that, intending and devising by unlawful ways and means, by false and fraudulent pretenses and representations to obtain from H. L. Morrison the sum of $1,000, appellant, on September 6, 1922, at Boise, represented to Morrison that he, with one Scott Anderson, owned a carload of automobiles which were then standing on the tracks of the O. S. L. railroad at Boise; that it was necessary that the freight on said automobiles be paid before the same could be unloaded; that he, appellant, needed the sum of $1,000 for the purpose of paying his share of the freight charges; that he was going to make delivery of a car within three days to a man who had ordered one and that on delivery of this car he, appellant, would repay half the sum, and would repay the balance at the end of the month of September, 1922. It was further alleged by the information that these representations were false and fraudulent and known by appellant to be false and fraudulent at the time of making them, and that Morrison, then and there

believing the representations so made to be true, and being deceived thereby, was induced by reason thereof to advance and deliver to appellant the sum of $1,000.

The prosecution was founded upon the provisions of C. S., sec. 8474, which reads, in material part, as follows:

"Every person who knowingly and designedly by any false or fraudulent representation or pretense, defrauds any other person of money, . . . . and by thus imposing upon any person obtains credit, and thereby fraudulently gets possession of money . . . . is punishable in the same manner and to the same extent as for larceny of the money . . . . so obtained . . . . "

[1] To constitute the offense described in the statute and set forth in the information, four things must concur, and four distinct averments must be proved: (1) there must be an intent to defraud; (2) there must be an actual fraud committed; (3) false pretenses must be used for the purpose of perpetrating the fraud; and (4) the fraud must be accomplished by means of the false pretenses made use of for the purpose, viz., they must be the cause which induced the owner to part with his property.

[2] The essence of the crime of obtaining money by false pretenses lies in obtaining the money with intent to defraud. A false pretense has been defined to be a fraudulent representation of an existing or past fact by one who knows it not to be true, adapted to induce the person to whom it is made to part with something of value.

[3] In a case like the present one, where the alleged false pretenses are oral, they must be proven by the testimony of two witnesses, or of one witness and corroborating circumstances. (C. S., sec. 8956.) And while the sufficiency of the evidence to support the verdict and judgment herein is challenged by appellant, we shall not decide the case from that standpoint, or discuss the evidence except in so far as the admission of certain exhibits is concerned.

[4] Appellant complains of the action of the court in receiving in evidence state's exhibit "C," being the criminal complaint sworn to by Morrison. It is insisted, while no

reason was given by the state for the introduction of this exhibit, that the prosecuting attorney had in mind the notion that if the complaint were admitted in evidence, its contents would tend to fortify Morrison's testimony relative to the alleged false representations contained therein. We think the admission of this instrument in evidence cannot be justified, even upon the ground of necessity, to establish the fact that appellant had been charged with a criminal offense, that he had clandestinely left the state, and that a search had been made to ascertain his whereabouts. All these facts had been proven by other and sufficient competent evidence. Neither can the admission of the criminal complaint be justified upon the ground that it was a memorandum made at or about the time of the commission of the offense and used by Morrison for the purpose of refreshing his recollection, for the reason that Morrison testified to all that took place between himself and appellant, and the conversations had, independent of exhibit "C." The apparent purpose for the introduction of this exhibit was either to bolster up Morrison's testimony or in corroboration thereof, but for neither purpose was it admissible, it being wholly incompetent, self-serving and hearsay, and prejudicial to appellant. The court in no way restricted its admission by instructions to the jury as to the scope or effect of its contents. The jury were not advised of the purpose for its admission, or what, if any, effect it should have upon the determination of the facts. By the instructions of the court the jury were advised that they could not convict appellant in the absence of corroborating facts or circumstances; that the evidence of one witness was not sufficient to support a conviction, in the absence of corroborating circumstances or corroborating testimony. The jury were, therefore, called upon to search for corroborating evidence of the complaining witness. The sworn complaint of Morrison was in evidence. It occupied the same status in the case as any other evidence, and it was accessible to the jury, as any other evidence. The allegations contained in exhibit "C" were, substantially, a recital of the material testimony given by

Morrison. The danger in the admission of this instrument lay in this fact,—that the jury, or any juror, may have considered the sworn statements of Morrison contained in the complaint as corroboration of his testimony, and reached the conclusion that Morrison had been corroborated thereby, within the purview of C. S., sec. 8956.

It was said in *Vicksburg & Meridian Railroad v. O'Brien,* 119 U. S. 99, 7 Sup. Ct. 172, 30 L. ed. 299:

"There are, however, other cases to the effect, that, where the witness states, under oath, that the memorandum was made by him presently after the transaction to which it relates, for the purpose of perpetuating his recollection of the facts, and that he knows it was correct when prepared, although after reading it he cannot recall the circumstances so as to state them alone from memory, the paper may be received as the best evidence of which the case admits.

"The present case does not require us to enter upon an examination of the numerous authorities upon this general subject; for, it does not appear here, but that at the time the witness testified he had, without even looking at his written statement, a clear, distinct recollection of every essential fact stated in it. If he had such present recollection, there was no necessity whatever for reading that paper to the jury. Applying, then, to the case the most liberal rule announced in any of the authorities, the ruling by which the plaintiffs were allowed to read the physician's written statement to the jury as evidence, in itself, of the facts therein recited, was erroneous."

Appellant also assigns as error the action of the court in admitting in evidence state's exhibit "H," a form of circular addressed and mailed to peace officers quite generally throughout the country after appellant had departed from the city of Boise. The circular contains a photograph and description of appellant, together with the following statements:

"Left Boise driving a Packard automobile. If found hold car. Peace officers will keep a sharp outlook for this man and if found arrest, hold and wire at our expense. We

want this party very badly. Extradition will be procured from any state in the Union.''

[5, 6] Proof had been made that a criminal complaint had been filed against appellant, that a warrant had issued for his arrest, that after search he could not be found within the state, and, generally, that he had been a fugitive from justice. The purpose for which the circular was introduced is not disclosed. That it was incompetent and hearsay must, we think, be admitted. It was not competent for the purpose of proving any element of the crime charged, and since all other facts leading up to appellant's departure from Boise had been proven, it could serve no purpose, other than to inflame the minds of the jury and tend to prejudice them against appellant, thereby denying him a fair and impartial trial, as was his constitutional right; and its admission was in violation of the rule that the fact of flight is to be determined by the movements of the accused, and not by those searching for him. (*State v. Hogg,* 64 Or. 57, 129 Pac. 115.)

[7] Error is also predicated upon the action of the court in admitting in evidence state's exhibit "D," being a record of an application for an automobile license made by appellant in the name of Goodell; and in the admission of testimony, over appellant's objection, relative to or tending to prove the appropriation by appellant of an automobile in which he left the state and of which he was not the owner— all of which took place some days subsequent to the commission of the offense with which he was charged. While it may be conceded that the admission of this exhibit and this testimony was not prejudicial error in that they had a tendency to prove other and different offenses, this evidence could well have impressed the minds of the jury with the belief that appellant was guilty, not only of the crime charged in the information, but also of having fraudulently obtained an automobile license, and that he was guilty of the larceny of an automobile. When this evidence is considered in connection with instructions Nos. 10 and 11, upon the

43 Idaho—48

flight of appellant, it is apparent that the instructions were prejudicial, in that they did not advise the jury that appellant left the state because he was conscious of guilt of the particular crime with which he stood charged.

[8] Flight in respect to another and different offense is not to be considered as evidence of the guilt of an offense from which there was no flight. (16 C. J., sec. 1066, pp. 552, 553; *People v. Vidal*, 121 Cal. 221, 53 Pac. 558.) It appears from the state's evidence that appellant was not conscious of guilt of the crime of obtaining money by false pretenses, but was conscious of guilt of having left the state with an automobile of which he was not the owner. There is authority to the effect that evidence of flight is not admissible unless it is shown that the accused had actual or constructive knowledge that he was accused, or was about to be accused, of the crime for which he was being tried, and that he fled to avoid arrest or prosecution therefor. The court having undertaken to instruct the jury on the weight and effect of the evidence of flight, it was incumbent upon it to advise the jury that, before such evidence could be considered as a circumstance tending to prove appellant's guilt of the offense charged against him, they must be satisfied that his flight was in order to escape arrest or prosecution for the particular offense charged in the information. In the circumstances of this case we are of the opinion that it was prejudicial error for the court to give instructions Nos. 10 and 11, in the absence of any further explanation or limitation touching the flight of appellant.

We have examined other assignments of error made by appellant but find them to be without merit.

From what has been said it follows that the judgment must be reversed and a new trial granted, and it is so ordered.

Wm. E. Lee, C. J., and Givens, Taylor and T. Bailey Lee, JJ., concur.

Petition for rehearing denied.