PEOPLE OF PUERTO RICO, Plaintiff and Appellee, *v.* PEDRO JUAN ATILANO, Defendant and Appellant.

No. 4953.   Argued February 8, 1933.—Decided February 24, 1933.

*José Q. Torres Sallaberry* for appellant.   *R. A. Gómez, Fiscal,* for appellee.

MR. CHIEF JUSTICE DEL TORO delivered the opinion of the Court.

Pedro Juan Atilano was accused before the Municipal Court of Salinas of petit larceny in that he had wilfully and feloniously taken a hen belonging to Juan Ayés and valued at one dollar, selling the same for seventy-five cents to Julia Ortiz and appropriating to himself the proceeds of the sale.

At a trial *de novo* held in the District Court of Guayama, the district attorney presented the following evidence for the prosecution:

Juan Ayés testified that he was the owner of a Plymouth Rock (*lóriga*) hen which roosted beside the kitchen of his house situated in Playa Street, Salinas, and that it was missing on June 25, 1932.   He recovered it about two days later, the police delivering it to him.   He is acquainted with the defendant.   The latter was accustomed to go through there, along the road.

Julia Ortiz lives at Playa de Salinas. She is acquainted with the accused from whom she bought a white Plymouth Rock (*búlica blanca*) hen. She had it in her possession about eight days. Now its owner, Ayés, has it. The police took it away from her.

Domingo Rivera testified to the sale of the hen to Julia Ortiz by the defendant. Arístides Ruiz testified similarly.

Finally policeman Pagán testified that he had investigated the case and filed a complaint against the defendant. He seized the white Plymouth Rock hen in the possession of Julia Ortiz. Ayés recognized it as his. The witness produced it in court, and the court delivered it to Ayés.

The defendant made a motion for nonsuit which was denied. He then introduced his evidence consisting of his own testimony and that of the witnesses Luis Colón and Juan Rodríguez.

The defendant stated that one day when he was with Colón and Rodríguez, a man with some baskets passed, selling fowls, and he bought two from him. He left one at Colón's house and took the other to the Playa. About five or six days afterwards he found himself moneyless and sold the hen to Julia Ortiz for seventy-five cents. Colón and Rodríguez corroborated his testimony.

After weighing the above evidence, the court found Pedro Juan Atilano guilty and sentenced him to three months in jail. Feeling aggrieved thereby, the defendant appealed. In his brief he assigns three errors committed, as he claims, by the court in overruling the motion for a nonsuit, in considering the evidence sufficient, and in accepting the theory of the district attorney that it was not necessary to prove the taking (*sustracción*).

The first assignment need not be considered separately. It has been repeatedly held by this Court that when a defendant introduces evidence after his motion for a nonsuit has been overruled, he is considered to have waived the motion. *People* v. *Ojeda,* 26 P.R.R. 392; *People* v. *González*

*et al.,* 24 P.R.R. 667, and *The People* v. *Alvarado,* 19 P.R.R. 827. This does not mean that the defendant, when the case is finally submitted, cannot again, although in a somewhat different form, raise the question of the insufficiency of the evidence offered by the prosecution. Technically, when the question is raised at the close of the trial, it is directed against the sufficiency of the evidence as a whole. However, unless the evidence for the defense supplies some defect or omission in the evidence for the prosecution, the question will be practically the same as that raised by the motion for a nonsuit. If the evidence for the defense does not supply the deficiency and the court is convinced that such insufficiency exists, it must acquit the defendant. Of course, if it is not so convinced, it must ratify its previous finding and convict the defendant.

The other two assignments may be considered jointly. The district attorney did not maintain that it was not necessary to prove the theft. He maintained that the evidence offered was sufficient to show the theft and its perpetration by the accused. Is it really so?

It may be considered as proved that there was a larceny: that of Ayés' hen. In regard to the guilt of the defendant, there is a strong presumption which arises from the fact that the hen had been in his possession, without the explanation that he gave of how he acquired it being confirmed beyond all doubt, as in the case of Julia Ortiz in whose possession it was seized. Is that sufficient by itself?

The legal question involved has been considered in various cases by this Court, especially in that of *People* v. *Laureano,* 20 P.R.R. 7. In the opinion delivered by Mr. Justice Wolf, after citing several cases including one from Montana wherein the opinion was written by Mr. Justice MacLeary, then Associate Justice of the Supreme Court of that State, it was said:

"We should be inclined to follow the jurisprudence of the State of California and kindred States in this regard even if it were neces-

sary to decide a case of the bare possession of stolen goods after the theft, although it is unnecessary for us, in this case, to make so specific a decision. The cases in California decide that the possession of property soon after the theft is a suspicious circumstance which, concurring with other circumstances, places on the defendant the duty of explaining it. *People* v. *Kelly*, 28 Cal., 423; *People* v. *Luchetti*, 119 Cal., 501; *People* v. *Vidal*, 121 Cal., 221; *People* v. *Wilson*, 135 Cal., 331; and *People* v. *Matezuski*, 11 Cal. Apps., 465. See also *Territory* v. *Doyle*, 7 Mont., 250; *State* v. *Sanford*, 8 Idaho, 187.

"In the *Vidal* case, *supra*, it was laid down that when defendant was found in the possession of a recently stolen mare slight corroborative evidence of other inculpatory acts was sufficient to submit the case to the jury. One of the additional facts which has been held to be sufficient to convict a person in possession of recently stolen goods is his failure to explain, when given an opportunity to do so. *Thomason* v. *State*, 41 S. W., 638; *State* v. *Marshall*, 74 N. W., 763; *State* v. *King*, 96 N. W., 712. 25 Cyc., 138.

"Similarly, the weight of the explanation when given may be left to the jury, if there is one. 25 Cyc., 138. In the case at bar the defendant was not only in possession of the stolen ring but he was an employe in the same factory where the prosecuting witness was employed and had access to the room from which the ring was taken. He was given an opportunity to explain his possession and said that he bought the ring from a little colored boy, but although given two weeks' time by the policeman to find the little boy, he was unable to produce him. When a man is found in possession of recently stolen goods and is given an opportunity to explain his possession he is under a duty to society to explain such possession, and failing to do so satisfactorily to the jury or judge who tries the case, a conviction will not be reversed by the appellate court.

"When a man is found in possession of stolen goods and is unable to produce the man from whom he obtained the same he can frequently offer evidence of his previous good character to offset his suspicious possession but in any event the judge or the jury, as the case may be, must be satisfied beyond a reasonable doubt of the guilt of a defendant.

"Here the case was tried by the judge, who had the defendant before him and who was entitled to determine whether the explanation of the purchase from a little colored boy was satisfactory. There was not only the element of whether the explanation was satisfactory

but the defendant's opportunity for taking the ring was also a circumstance to be taken into consideration by the trier." .

The case at bar is on the border line, as it may be said that it is shown here that the defendant passed in front of Ayés' house and could see the hen and steal it. With a little more, as in the *Laureano* case, it would have been enough. Laureano was employed in the same factory as the owner of the ring and had access to the room from which it was taken. He alleged that he had bought the ring from a little negro boy, a circumstance suspicious in itself, and notwithstanding that he was given time to look for the boy, he did not present him. In the instant case a hen was involved which is customarily sold in the manner stated by the accused. The explanation that he gave could, without doubt, have been more specific, and should have shown at least that he made an effort to find the vendor, but it is not incredible and could be true. There is no other evidence against the defendant and under the circumstances, however strong the suspicion against him may be, it is not sufficient for convicting him. The rule established in *People* v. *Domínguez*, 36 P.R.R. 419, is applicable. There it was held that: "Where in a prosecution for larceny the evidence only shows possession by the defendant of the stolen object, without any other circumstance connecting him with the theft, it is not sufficient."

The appeal must be sustained, the judgment appealed from reversed, and the defendant discharged.