[Crim. No. 1820. In Bank.—April 9, 1914.]

# THE PEOPLE, Respondent, v. PHIL STRICKLER, Appellant.

CRIMINAL LAW—PLEAS OF NOT GUILTY, FORMER ACQUITTAL, AND ONCE IN JEOPARDY—WITHDRAWAL OF PLEA OF NOT GUILTY—DENIAL OF APPLICATION FOR PROBATION—SENTENCE.—Where the defendant in a criminal case enters pleas of not guilty, former acquittal, and once in jeopardy, but thereafter withdraws his plea of not guilty, enters a plea of guilty and applies for a release on probation, he cannot, after the denial of his application and the pronouncement of judgment, insist on a trial on the issues raised by the special pleas.

APPEAL from a judgment of the Superior Court of Imperial County. Franklin J. Cole, Judge.

The facts are stated in the opinion of the court.

Conkling & Brown, for Appellant.

U. S. Webb, Attorney-General, and Phil D. Swing, District Attorney, for Respondent.

THE COURT.—The justices of the district court of appeal of the second district being unable to agree in this case, the cause was transferred regularly to this court, with the opinions of the justices of the district court thereon. The defendant contends that the withdrawal of a plea of not guilty and the making of a plea of guilty to the charge does not give the superior court power to pronounce judgment against him, in a case where he had also entered a plea of former acquittal and a plea of former jeopardy, until these additional pleas were withdrawn or determined in favor of the people, even if he does not make the objection at or before the time of sentence, or at all, in the lower court. We adopt the opinion of Mr. Justice James. It is as follows:

"In my opinion the judgment in this case should be affirmed. Defendant after having entered his plea of not guilty, former acquittal, and once in jeopardy, appeared before the court and withdrew his plea of not guilty and en-

tered a plea of guilty and made application to be released upon probation. While there was no express withdrawal of the pleas interposed in bar, all of the circumstances, to my mind, showed that it was the intention of the defendant at the time he entered his plea of guilty to waive a hearing upon the other pleas which he had theretofore entered. Can it be for a moment contended, under this state of the record, that if an order of probation had been made as requested by the defendant, he would have asked for a trial as to the issues of his alleged former acquittal or jeopardy? Furthermore, the record affirmatively recites that at the time he was sentenced, after his motion in arrest of judgment was denied, he announced that he had no further cause to show why judgment should not be pronounced, and did not then, or at any time after entering his plea of guilty, intimate or suggest to the court that he desired to have a jury pass upon the questions which were raised by the special pleas. The motion in arrest of judgment included in general only the grounds which had earlier in the proceedings been made the subject of a motion to set aside the indictment. The questions as to whether defendant had been formerly acquitted of the same offense, or been once in jeopardy, were matters proper to be presented by plea and not by motion to set aside the indictment or in arrest of judgment. (Pen. Code, secs. 995, 1017.) After a defendant has entered a plea of guilty and placed himself in the attitude of consenting that the court proceed with the determination of a judgment to be entered against him, and after he has been disappointed in his application to be leniently dealt with, to then give countenance to his claim that the court should not have sentenced him, but should have ordered a trial on the issues raised by the special pleas, would encourage a practice of trifling with the courts not to be tolerated.''

The judgment is affirmed.

Beatty, C. J., does not participate in the foregoing.