[Crim. No. 616.   First Appellate District.—January 21, 1916.]

THE PEOPLE, Respondent, v. MERTON COX, Appellant.

CRIMINAL LAW—GRAND LARCENY—THEFT OF HORSE—SUFFICIENCY OF EVIDENCE.—Upon a prosecution for grand larceny in stealing a horse in one county and driving it through other counties into the county where it was found in the defendant's possession, proof that the defendant assumed a false name when traveling with the horse, and at the time of its sale by him and when he was arrested, taken in connection with proof of such possession, and the inability to find the person from whom he claimed to have purchased the animal, is sufficient to support a verdict of conviction.

ID.—EVIDENCE—FALSEHOOD OF DEFENDANT—CONSCIOUSNESS OF GUILT.— When a person suspected of and charged with crime resorts to deception and falsehood, that is a circumstance which, like flight and

concealment, tends to show a consciousness of guilt, and thereby strengthens any inference of guilt arising from other established facts.

ID.—ARGUMENT OF DISTRICT ATTORNEY—COMMENT UPON INABILITY TO FIND ALLEGED SELLER OF HORSE—ABSENCE OF MISCONDUCT.—In such a prosecution it is not misconduct for the district attorney to comment upon the fact that the return upon one of the foreign subpoenas showed that the person from whom defendant claimed to have purchased the horse could not be found, and in stating that that was some evidence of the fact that such person was a mythical person, where such subpoenas and the returns thereon were offered and received in evidence without limitation upon their purpose.

ID.—COMMENT UPON DEFRAUDING OF PURCHASER—ADMONITION TO DISREGARD—LACK OF PREJUDICE.—In such a prosecution it is misconduct to urge upon the jury a consideration-of the fact that the defendant had defrauded the purchaser of the horse, but such misconduct is not prejudicial where it is checked almost at its inception by the intervention of the trial court, coupled with an admonition to the jury to disregard the statement.

APPEAL from a judgment of the Superior Court of Santa Cruz County, and from an order denying a new trial.   Benjamin K. Knight, Judge.

The facts are stated in the opinion of the court.

Lucas F. Smith, and Lucas F. Smith, Jr., for Appellant.

U. S. Webb, Attorney-General, Frank L. Guerena, and George W. Smith, for Respondent.

THE COURT.—As we understand this case, from an inspection of the record and the briefs, the facts are substantially these: The defendant was charged with the crime of grand larceny. The alleged subject matter of the larceny was a horse, charged in the information to have been stolen in the city and county of San Francisco, and driven through San Mateo and other counties into the county of Santa Cruz. The defendant was found in the latter county in the possession of the horse.   He there sold the horse under the name of J. Geary; he requested that the check for the payment of the horse be made out in that name, gave a receipt in that name, and when he cashed the check he indorsed the name of J. Geary thereon.   When arrested he was asked by the party making the arrest if his name was J. Geary, and he said it

was. It is an admitted fact in the case that the true name of the defendant is Merton Cox. There is some evidence in the record as to his conduct and his statements on the night that he arrived in San Jose, and on another night when he arrived at Rockaway Beach in San Mateo County, and that when asked whence he had come and where he was going he said he had been traveling over the greater part of the state for the greater part of six months; that he had had the horse shod in Oakland, that he had come down by the coast route in a certain number of hours. When he was in jail the party to whom he had sold the horse visited him, and asked him to return the one hundred dollars which he paid defendant for the horse, and the defendant then said, "Well, you are entitled to the money, but I won't give you a written order for the money." The defendant claimed that he bought the horse from a man by the name of John O'Brien, in San Francisco; that he had known O'Brien since 1902; that O'Brien had worked for him at odd times since 1902, but that he did not know where he lived in San Francisco. Foreign subpoenas were issued in the case at the request of the defendant for O'Brien and several other witnesses. The return upon the foreign subpoenas showed that none of the witnesses, and particularly John O'Brien, the person from whom the defendant claimed to have bought the horse, could be found, and during the course of the trial, counsel for the defendant offered these subpoenas and the return thereof in evidence. Counsel for the defendant claims that there is no evidence showing that he committed the larceny or participated therein save and except the recent possession of the stolen property.

Mr. Lucas F. Smith (Counsel for Defendant): That is exactly it.

The Court: You don't make the point that the evidence is insufficient to show that the horse was in fact stolen by somebody?

Mr. Smith: We concede it is sufficient in that particular.

The Court: It is claimed—in addition to the point of the insufficiency of the evidence connecting the defendant with the commission of the crime—that the district attorney was guilty of misconduct in commenting upon the fact that the return upon one of the foreign subpoenas showed that O'Brien could not be found, and in stating that that was some evidence of the fact that John O'Brien was a mythical person.

The district attorney is also charged with misconduct in commenting upon the refusal of the defendant to return the money which he received from the sale of the horse, and in attempting to argue that the defendant had defrauded the purchaser.

Other points are that the court erred in modifying certain requested instructions, and erred in the charge given of its own motion.

Have we stated in substance all the facts in the case, and are those all the points made in support of the appeal?

Mr. Smith: Yes, your Honor.

By the Court (after argument) : The court is of the opinion that there is no merit in the appeal. The jury were not compelled to accept the defendant's explanation of why he assumed a false name when traveling with the horse and at the time of the sale and when he was arrested. They were justified in finding from all of the evidence adduced in the case that, as the verdict implies, his assumption of a false name was for the purpose of concealing his identity and thereby warding off suspicion; and when a person suspected of and charged with crime resorts to deception and falsehood, that is a circumstance which, like flight and concealment, tends to show a consciousness of guilt, and thereby strengthen any inference of guilt arising from other established facts. (*People* v. *Cole,* 141 Cal. 88, [74 Pac. 547].)

The defendant's story concerning the circumstances under which he claimed to have purchased the horse was far from being satisfactory; and it is of peculiar significance that although he claimed to have been intimately acquainted with the Mr. O'Brien from whom he said he purchased the horse since the year 1902, and had employed O'Brien on and off from that time until the year 1915, yet he did not know where O'Brien resided. We are satisfied that the circumstances above narrated relative to the defendant's sale of the horse, the manner of his possession, and his conduct when arrested, considered in conjunction with the defendant's recent possession of the stolen property, are sufficient to warrant and support the verdict. (*People* v. *Vidal,* 121 Cal. 221, [53 Pac. 558].)

The foreign subpoenas and the returns thereon.having been offered and received in evidence without limitation upon their purpose, the district attorney was well within his rights in

arguing to the jury the fact that the return showed that John O'Brien could not be found should be considered in connection with other evidence in determining whether or not O'Brien was a person in being, or merely a creature of the defendant's imagination. Inasmuch as counsel for the defendant developed in evidence the fact that the defendant had refused to return the money which he had received upon the sale of the horse, the district attorney was justified in assuming that he was privileged, in his argument to the jury, to comment upon that phase of the case. He did, however, overstep the bounds of legitimate argument when he attempted to urge upon the jury a consideration of the fact that the defendant had defrauded the purchaser of the horse. But this misconduct was checked almost at its inception by the intervention of the trial court, coupled with an admonition to the jury that such fact must not be considered in determining the guilt or innocence of the defendant of the crime of larceny. This, we think, sufficed in the present case to protect the defendant from any prejudice which otherwise would have resulted.

Our investigation of the record discloses that many of the numerous instructions requested on behalf of the defendant were properly modified and then given to the jury. The trial court was not bound to give any particular instruction in the language requested by the defendant; and if the instruction as modified and then given correctly states the law, the defendant cannot be heard to complain.

Other instructions were properly refused, either because they were covered by the charge of the court, or were uncertain in whole or in part in their statement of the law. We are satisfied that the charge of the court in its entirety clearly and correctly stated the law of the case.

The judgment and order appealed from are affirmed.