[Crim. No. 1062. Second Appellate District, Division One.—March 13, 1924.]

# THE PEOPLE, Respondent, v. ALBERT SCOTT, Appellant.

[1] CRIMINAL LAW—GRAND LARCENY—POSSESSION OF STOLEN GOODS —ESCAPE AFTER ARREST.—In a prosecution for grand larceny, proof that the stolen property was found in the possession of defendant, coupled with proof that, after his arrest, defendant escaped from the officers and was not rearrested until some months following, is sufficient to justify the jury in finding a verdict of guilty.

[2] ID.—FALSE ACCOUNT OF ACQUISITION.—In such a prosecution the circumstance that defendant gave a false account of the manner in which he had acquired possession of the stolen property can be taken into consideration by the jury in determining the guilt of the defendant, and, taken in connection with proof of his possession of the stolen property, is sufficient to justify a verdict of guilty.

[3] ID. — PROVINCE OF JURY — INSTRUCTIONS TO ACQUIT. — Where an information is in three counts, the first and third charging burglary and the second charging grand larceny, the trial court, by stating to the jury, just prior to the argument of the case, that the court has considered the evidence and has decided to advise the jury to render a verdict of not guilty upon the counts charging burglary, but that they "will be advised to consider only the question of whether the defendant is guilty or not guilty of the crime of larceny as charged in count two of the complaint," does not invade the rights of the jury.

[4] ID. — EVIDENCE — SUBMISSION TO JURY—ERRONEOUS INSTRUCTIONS TO ACQUIT.—In this prosecution, in which the information in count one charged defendant with burglary in entering, with intent to commit larceny, the house of a given person, and in count two with the crime of grand larceny in taking, stealing, and carrying away certain personal property of said person, there was no error on the part of the court upon the evidence before it in submitting to the jury the charge of grand larceny; and, assuming the trial court committed error in instructing the jury to acquit defendant on the burglary charge, the defendant could not complain of such action.

---

1. See 15 Cal. Jur. 932; 17 R. C. L. 71.
2. See 15 Cal. Jur. 934.

[5] ID.—DIFFERENT CHARGES—ELECTION—FINDING ON SINGLE CHARGE —DISMISSAL.—In such prosecution, the trial court did not err in refusing to direct the prosecution to elect between the different charges set forth in the information; nor was it error on the part of said court, of which defendant can complain, to receive the verdict of the jury finding defendant guilty of larceny, but failing to find on the burglary charges, although the court had instructed the jury to acquit on those charges, where the trial court granted a new trial upon the burglary charges and they were thereupon dismissed by the court.

[6] ID.—FAILURE TO TAKE STAND—MISCONDUCT OF DISTRICT ATTORNEY—ABSENCE OF PREJUDICE.—In such prosecution, the misconduct of the district attorney, in his argument to the jury, in alluding to the fact that defendant did not take the stand, did not constitute error prejudicial to the rights of defendant, where the trial court sustained defendant's objections to the remarks, instructed the jury to disregard them, and admonished the district attorney not to repeat the offense, and the evidence in the case was such that the jury would have found defendant guilty, even though the district attorney had refrained from the improper comment. ·

[7] ID. — INSTRUCTIONS TO ACQUIT ON CERTAIN CHARGES — SCOPE OF ARGUMENT.—In a prosecution in which the information in the first and third counts charges burglary and in the second count charges grand larceny, the jury is not bound by the instructions of the court to acquit defendant on the charges of burglary; and, while it is better practice in such a case for the district attorney to refrain from discussing any of the facts involved in the burglary charges, after the court has stated to the jury, prior to argument, that the jury will be instructed to acquit defendant on those charges, the district attorney is not prohibited from discussing such facts.

(1) 36 **C. J.**, p. 876, sec. 433.    (2) 36 **C. J.**, p. 876, sec. 433. (3) 16 **C. J.**, p. 937, sec. 2300.    (4) 17 **C. J.**, pp. 358, 359, secs. 3723, 3729.    (5) 17 **C. J.**, p. 356, sec. 3719; 31 **C. J.**, p. 790, sec. 359. (6) 16 **C. J.**, p. 917, sec. 2271; 17 **C. J.**, p. 302, sec. 3639.    (7) 16 **C. J.**, p. 899, sec. 2244 (1926 Anno.); 16 **C. J.**, p. 937, sec. 2300.

APPEAL from a judgment of the Superior Court of Los Angeles County and from an order denying a new trial. John L. Fleming, Judge.

The facts are stated in the opinion of the court.

5.    See 8 **Cal. Jur.** 193.
6.    See 8 **Cal. Jur.** 268.

Clarence B. Conlin for Appellant.

U. S. Webb, Attorney-General, John W. Maltman, Deputy Attorney-General, and John L. Flynn for Respondent.

CURTIS, J.—The information in this action contained three counts, one charging the defendant with the crime of burglary in entering, with intent to commit larceny, the house of F. E. Ginder; the second, with the crime of grand larceny in taking, stealing, and carrying away certain personal property of the said F. E. Ginder; and the third, with the crime of burglary in entering, with intent to commit larceny, the house of Ellis Gray. The court advised the jury to acquit the defendant upon the burglary charges. The jury returned a verdict, however, simply upon the charge of grand larceny, finding the defendant guilty thereof, and failed to render any verdict whatever on either of the charges of burglary. A new trial was granted defendant upon the charges of burglary and they were thereupon dismissed by the court. Defendant has appealed from the judgment finding him guilty of grand larceny and from the order denying his motion for a new trial on said charge. His first assignment of error is that the evidence is insufficient to support the judgment.

The testimony in the case shows that one of the complaining witnesses, Ellis Gray, about the middle of February, 1923, missed certain articles of personal property from his house, and on the thirteenth day of March, 1923, the other of the complaining witnesses, F. E. Ginder, also missed from his house certain personal property which he had seen in his house on the day before. The property belonging to Ellis Gray, and which he had missed from his house, was afterward found in the possession of a second-hand dealer, to whom it had been sold by the defendant about the first of March, 1923. The property of Ginder was found in the defendant's room on the fifteenth day of March, 1923, at the time of the latter's arrest, at which time he told the arresting officers that he had bought the property about ten days prior thereto from a man by the name of Tex. The defendant at this time was placed under arrest, but on the way to the police station he escaped from the officers and was not rearrested until the following July. The defendant

did not testify in the case, nor did he introduce any evidence at the trial.

[1] It is defendant's contention that this evidence shows only that the stolen property was found in his possession, and he cites the well-established rule that mere possession of stolen property, however recent, is not sufficient to warrant a conviction of larceny. Defendant apparently overlooks the fact, established at the trial, that after his arrest. he escaped from the officers. Flight of a defendant, under the circumstances proven in this case, is always a circumstance to be taken into consideration by the jury with the other facts proven in the case, in determining the guilt or innocence of a defendant. We think that there can be no question that evidence that the stolen property was found in the possession of the defendant shortly after the same had been stolen, coupled with evidence of the flight of the defendant after his arrest, was sufficient to justify the jury in finding a verdict of guilty. (*People* v. *St. Clair*, 5 Cal. Unrep. 294 [44 Pac. 234]; *People* v. *Cox*, 29 Cal. App. 419 [155 Pac. 1010]; *People* v. *Gill*, 45 Cal. 285; *People* v. *Vidal*, 121 Cal. 221 [53 Pac. 558]; *People* v. *Cole*, 141 Cal. 88 [74 Pac. 547].) [2] Furthermore, the defendant gave a false account of the manner in which he had acquired possession of said property. This was also a circumstance which could be taken into consideration by the jury in determining his guilt, and, taken in connection with proof of his possession of the stolen property, was sufficient to justify a verdict of guilty. (*People* v. *Cole, supra.*)

[3] The defendant takes exception to certain language used by the court just prior to the argument of the case before the jury, as follows: "I want to say to you that the court has considered the evidence in this case, and in view of the information and commitment and evidence in the case, has decided to advise the jury to render a verdict of not guilty upon count No. 1 and upon count No. 3 of the information (being the counts charging burglary), . . . you will be advised to consider only the question of whether the defendant is guilty or not guilty of the crime of larceny as charged in count two of the complaint. I make that statement at this time in order that you may understand why counsel do not argue that phase of the case."

Defendant contends that the court by the above statement invaded the rights of the jury by intimating to them that while, in the opinion of the court, the evidence was not sufficient to justify the submission to them of the charges of burglary, yet it was sufficient to warrant the consideration by the jury of the charge of grand larceny. The only statement made by the court, regarding the evidence, it will be observed, was made in connection with his statement to the jury that he would advise them to render a verdict of acquittal upon the two burglary charges. This was followed by a further statement of the court that under the advice of the court they would only consider the question of defendant's guilt upon the charge of grand larceny. The law makes it the duty of the court to advise the jury to acquit the defendant if, at any time after the evidence on either side is closed, it deems the evidence insufficient to warrant a conviction. (Pen. Code, sec. 1118.) In its statement to the jury, which is objected to by the defendant, the court merely performed its duty as prescribed by this section of the Penal Code. By its reference to the evidence in this statement the court did not invade the rights of the jury, nor would the jury, in our opinion, be likely to draw any inference therefrom unfavorable to the defendant.

[4] Defendant further complains that the court, by advising the jury to acquit the defendant of the burglary charges, must have believed that the defendant did not take the goods from the house of Ginder, the complaining witness, and that unless he did take the goods from Ginder's house, he would not be guilty of larceny. We are not advised of the reasons upon which the court based its instruction to advise the jury to acquit the defendant upon the burglary charges. Neither are those reasons essential to the decision of this appeal. The court might have erred in so advising the jury, but if so its action was favorable to the defendant and he cannot complain. There was no error on the part of the court upon the evidence before it in submitting to the jury the charge of grand larceny, and that is the only question that concerns us at this time.

[5] The contention of defendant that the court erred in refusing to direct the prosecution to elect between the different charges set forth in the information is without merit. (Pen. Code, sec. 954.) Nor was it error on the

part of the court, of which the defendant can complain, to receive the verdict finding the defendant guilty of larceny, and thereafter dismiss the burglary charges. The same result was obtained, so far as the burglary charges were concerned, as if the jury had followed the advice of the court and acquitted the defendant on these charges.

[6] The only remaining question to be considered on this appeal is the objection made by the defendant to the remarks of the deputy district attorney in his argument to the jury. As we have before noted, the defendant did not take the stand at the trial. In his argument before the jury the deputy district attorney conducting the prosecution made the following statement: "I am not allowed to comment on the fact that this defendant did not take the stand, and I do not so comment—" Upon the objection of the defendant the court instructed the jury to disregard this remark of the prosecuting officer. Whereupon the latter, continuing his argument to the jury, stated, "I am merely stating a fact, and it is a fact—" The defendant again objected to the remarks of the attorney and the court sustained the objection and admonished him not to refer to the subject again. Defendant now assigns this conduct of the deputy district attorney as error prejudicial to his rights. There can be no question that these remarks of the prosecuting officer were in direct violation of the express mandate of section 1323 of the Penal Code. No prosecutor, in his zeal to secure a conviction, should allow himself to so far forget his duty, both to the defendant as well as to the public, as to transgress the plain provisions of this statute upon this subject. While the courts of this state have uniformly held such improper conduct on the part of the prosecuting officer to be error, they have not in all cases held it to be such error as to entitle defendant to a reversal of the judgment. A recent case decided by the supreme court lays down the rule as follows: "It has been the disposition of this court where timely objection was not made or where the court has, by appropriate instructions to the jury, withdrawn such improper comment from their consideration, to deny a reversal, if the evidence in the case was such as to clearly support a conviction." (*People* v. *Mayen,* 188 Cal. 237–259 [24 L. R. A. 1383, 205 Pac. 435, 444].) In the present case the court promptly

sustained the defendant's objection to the improper remarks, instructed the jury to disregard them, and admonished the attorney not to repeat the offense. The defendant, therefore, was not prejudiced by such remarks, if the evidence in the case showed clearly that he was guilty of the crime charged. We have already held that the evidence was sufficient to sustain the judgment, but it does not necessarily follow therefrom that the evidence was so conclusive against the defendant that his rights may not have been prejudiced by the improper conduct of the prosecuting officer. The evidence against the defendant, as before referred to, showed that the stolen property was found in his possession some two or three days after it had been stolen from the owner, at which time he stated to the officers that he had bought it ten days before from a man by the name of Tex; after his arrest, and while the officers were conducting him to an automobile, he escaped from them; they fired three shots at him in an endeavor to stop his flight; the shots missed him, although fired from a relatively short distance from him, and he made his escape and was not recaptured until some months thereafter. It seems incredible to us that an innocent man would have risked his life in an endeavor to escape from officers attempting to arrest him. Evidently the defendant, after being caught with the stolen property in his possession, and being unable to deceive the officers by his statement that he had purchased it, rather than submit to arrest, trial, and punishment, determined to escape, even at the risk of being shot down by the officers. We believe that any reasonable jury, in viewing the evidence in this case, would have found the defendant guilty of the charge upon which he was tried. We feel that had the prosecuting officer refrained from the improper comment complained of the jury would have returned a verdict of guilty against the defendant. Quoting further from the case of *People* v. *Mayen,* 188 Cal. 259 [205 Pac. 444], our views are aptly expressed in the following language: "The conduct of the district attorney was clearly error, and would demand a reversal of the verdict, . . . if it appeared that any miscarriage of justice had resulted. Under the testimony presented to the jury we fail to see how it could have avoided a verdict of conviction. The evidence against the defendant was conclusive and . . . uncontradicted. . . . While in no manner

justifying the improper comments of the district attorney, we think it is a case for the application of section 4½ of article VI of the constitution.''

[7] The deputy district attorney, in his opening argument to the jury, also made the following statement: ''There is evidence here also of the kind of a man this defendant is; there is evidence here that he goes to a pawn shop; that he there sells other goods which are stolen; that he there signs another name, not his own.'' An objection was made by the defendant to this statement, but it was overruled by the court. The prosecuting officer in this statement evidently referred to the goods missed by Ellis Gray from his house and which the defendant sold to a second-hand dealer a few days thereafter. The court had already advised the jury to acquit the defendant on this charge. The jury, however, were not bound by this advice. In view of the court's instruction, the better practice, we apprehend, would have been for counsel to have refrained from discussing any of the facts involved in this charge, but we are not advised of any authority that prohibits him from so doing.

The judgment and order denying motion for new trial are affirmed.

Conrey, P. J., and Houser, J., concurred.