[Crim. No. 1311. Third Appellate District.—March 30, 1934.]

THE PEOPLE, Respondent, v. LOUIS COSTA, Appellant.

The facts are stated in the opinion of the court.

Sam Duker for Appellant.

U. S. Webb, Attorney-General, and Jess Hession, Deputy Attorney-General, for Respondent.

PULLEN, P. J.—An information was filed against defendant, charging him with the crime of forgery and with having been previously convicted of a felony and having served a term of imprisonment therefor in the state prison at San Quentin, to which the defendant entered a plea of not guilty to the charge of forgery and admitted the prior conviction.

After a trial by a jury, defendant was found guilty as charged and now prosecutes this appeal from the judgment based thereon, claiming insufficiency of the evidence, failure of the court to properly instruct as to reasonable doubt, and prejudicial misconduct on the part of the district attorney.

It appears that a stranger called at the place of business of Mr. Vlahos and presented a check in the sum of $10, purported to have been made by one John Pedro and payable to J. Borges. The stranger said that he was J. Borges and was employed by John Pedro who was a responsible business man in the community. The check was indorsed ''J. Borges'' in the presence of Vlahos, who delivered to the stranger a small amount of merchandise and the balance in cash. Upon presentation to the bank, the check was found to be a forgery. The defendant was arrested and identified by Vlahos as the man who had presented to him the check in question.

The first ground for appeal is as to the sufficiency of the evidence in that the identity of the defendant as the individual who presented the forged check is not established. It has been frequently held that a conflict of evidence as to the identity of the one on trial accused of having committed an offense presents a question solely within the province of the jury and their conclusion may not be disturbed on appeal. (*People* v. *Seawright,* 72 Cal. App. 414 [237 Pac. 796].) The proffered testimony as to the identity must be so weak before an appellate court can disturb the finding of the trial court on such an action, as to constitute no evidence

to support the identification. (*People* v. *Farrington,* 213 Cal. 459 [2 Pac. (2d) 814].)

While the complaining witness Vlahos was unable to tell the color of appellant's hair or describe the clothing worn, he was positive in his identification of appellant as the man who cashed the check. He testified: "Well, that is him, that is all I got to say. . . . It looks like him, that is what I know, it is him, that is all. . . . Well, I had never seen him before. He came to the store, he is the man. Looking at him I know that he is the man, that is all I know." The witness was entitled to full credit and apparently from the verdict of the jury they believed his testimony.

The second point urged for reversal by appellant is that the court failed to properly instruct on the question of reasonable doubt. The answer to that objection is that the court gave as its instruction on that question section 1096 of the Penal Code, and by virtue of section 1096a of the Penal Code the court need give no further instruction on the subject of the presumption of innocence or defining reasonable doubt than to read to the jury section 1096 of the Penal Code. (*People* v. *O'Shaughnessy,* 135 Cal. App. 104 [26 Pac. (2d) 847].)

As a third point urged for reversal appellant complains that defendant's rights were prejudiced by permitting the assistant district attorney to examine defendant as to his use of another name or *alias.* Here the defendant gave the arresting officer at the time of his arrest an *alias* or an assumed name and was asked concerning this circumstance upon his cross-examination. In the case of *People* v. *Meile,* 97 Cal. App. 56 [274 Pac. 1003], the defendant, shortly after the robbery, rented a safe deposit box under an assumed name. Evidence to this effect was admitted and the court said: "Both the time and the manner of the rental were circumstances admissible on the same theory as flight or concealment of the person."

In *People* v. *Frank,* 75 Cal. App. 74 [241 Pac. 924], the defendant attempted to sell a diamond pin which he was charged with stealing. Accosted by officers defendant fled, was pursued and captured and then gave an assumed name. "Under these circumstances there was no error in admitting the evidence complained of, as his statement giving a false

name was made after the offense had been committed and evidently with knowledge on appellant's part of its commission. It must be considered in connection with and as a part of his attempted flight after he, with a stolen pin in his possession, found himself in the presence of the officers of the law.''

As was said in the case of *People* v. *Cox*, 29 Cal. App. 419 [155 Pac. 1010] : ''When a person suspected of and charged with crime resorts to deception and falsehood, that is a circumstance which, like flight and concealment, tends to show a consciousness of guilt . . . ''

We find no error in the actions of the trial court nor were defendant's rights jeopardized by the question propounded by the district attorney, and for that reason the judgment is affirmed.

Thompson, J., and Plummer, J., concurred.