THE PEOPLE OF PUERTO RICO, Plaintiff and Appellee, *v.* JUAN ALBERTO RODRÍGUEZ, Defendant and Appellant.

No. CR-64-16.      Decided November 4, 1964.

---

*José Rafael Gelpí* and *Sergio Peña Clos* for appellant. *J. B. Fernández Badillo, Solicitor General,* and *Manuel Tirado Viera, Assistant Solicitor General,* for The People.

Division composed of Mr. Justice Pérez Pimentel, as Chief Judge of Division, Mr. Justice Rigau, and Mr. Justice Dávila.

MR. JUSTICE RIGAU delivered the opinion of the Court.

Appellant and two other defendants were prosecuted and convicted of the offense of burglary in the first degree. In the course of the prosecution and after the evidence of The People was presented defendants waived the jury and the case was tried by the judge. Defendants were represented

by their three respective attorneys. Appellant makes the following two assignments of error:

That the trial court erred (1) in proceeding to hear the case without defendant making any plea, and (2) in finding defendant guilty without sufficient evidence to prosecute him.

From the minutes of the Superior Court it appears that at the arraignment and also on the day the case was called for trial the defendants pleaded not guilty. However, the record is silent on this point. The Solicitor so accepts it and we shall assume that appellant did not make any plea.

■■ Whether through inadvertence of the stenographer, of the judge, of the defendant, or for any other reason, such error did not prejudice defendant at all. The Constitution of Puerto Rico makes mandatory the presumption of innocence of every accused. Article II, § 11. The Code of Criminal Procedure in force at the time of this prosecution provided that if the defendant refused to answer the information, a plea of not guilty must be entered. Section 170 of the Code, 34 L.P.R.A. § 409. In *People* v. *Estrada*, 51 P.R.R. 791 (1937), the contention was similar to that made herein by appellant, and in deciding the same adversely to him we said at page 793:

"As a general rule in a criminal case, where defendant relies on the general issue of not guilty, seldom if ever is there any written plea filed. What happens is that the defendant or his counsel says 'not guilty,' and the corresponding plea is entered by the clerk. Similarly when the defendant stands mute.

"Therefore, it is not a far cry for the court to consider that issue has been joined when a defendant goes on to trial, cross-examines witnesses, and presents his own defense."

■■ In the case at bar defendant was present personally and represented by counsel; he announced that he was ready to enter and did enter trial; he cross-examined the prosecution witnesses and presented defense evidence. There

is no question that the prosecution was conducted as if defendant had pleaded not guilty. Defendant's refusal to answer the information, which under the law of Puerto Rico amounts anyway to a plea of not guilty, cannot be raised on appeal as an error for reversal. When the record shows that defendant did not make any plea or refused to do so, a plea of not guilty shall be entered. *State* v. *Eiserloh*, 136 So. 54 (La. 1931). See, also, Fricke, California Criminal Procedure 157 (4th ed.), and 4 Wharton, Criminal Law and Procedure, § 1806.

Our positive procedural law in force disposes of the question in the manner which we have stated. Rule 69 of the Rules of Criminal Procedure provides that "If a defendant refuses to make any plea . . . a plea of not guilty shall be entered." Rule 68 provides that the plea of guilty or not guilty shall be entered in the minutes of the court, "but failure to do so shall not affect its validity in the prosecution of the case." Rule 75 provides that "The fact that the defendant should fail to make any plea shall not affect the validity of any proceeding of the court if the defendant submits to trial without making any plea."

Although judges should make sure that defendants make a plea and that it is entered in the record if they do so, or that it be set forth if they refuse to do so or if they stand mute, the failure to do so in this case caused no prejudice to defendant. The first error assigned was not committed.

■ The second error challenges the sufficiency of the evidence. The burglary was committed at nighttime. The following morning police officer Luis Guillermo Burgos detained the three defendants on the road because he realized that the automobile in which they were travelling had been stolen. Upon detaining them, defendants managed to escape.

The police officer was able to detain one of them, appellant herein, who was the operator of the car.

Summing up the evidence we may assert: (1) the fact of the burglary was admitted by the defense; (2) the goods, the cash register, the checks, and papers stolen were found in the automobile operated by appellant; (3) the stolen articles were identified by the aggrieved party; and (4) defendant fled but he was detained by the police officer. It was necessary for the police officer to fire several shots with his revolver in order to detain him.

■ ■ From the foregoing summary it appears clearly that the evidence heard is sufficient to sustain the conviction. The corpus delicti was duly established. *People* v. *Hernández*, 75 P.R.R. 852, 860 (1954). The illegal entry and the intent to commit larceny may be established by circumstantial evidence, that is, that they may be reasonably inferred from the amount of facts and circumstances proved. Section 10 of the Law of Evidence, 32 L.P.R.A. § 1630; *People* v. *Juarbe*, 83 P.R.R. 719, 722 (1961); *People* v. *Torres*, 81 P.R.R. 659, 662 (1960); Melton, *"The Amount of Circumstantial Evidence Necessary to Prove Breaking and Entering in a Burglary Trial,"* 12 Rocky Mt. L. Rev. 289 (1940); 9 Cal. Jur.2d § 38. A burglary having been established or admitted, the possession by defendant of the articles stolen without his being able to account for such possession, believed by the trier of facts, and which is inconsistent with his probable guilt, or where defendant is unable to prove that those articles were licitly obtained, such possession not satisfactorily accounted for is a factor which tends to show with great weight defendant's guilt, and, coupled with the other circumstances of the case, may warrant the conviction. The conviction of defendants was sustained in the following cases, although in none of them were there eyewitnesses to the burglary, because the burglary hav-

ing been proved defendants were unable to account satisfactorily for the possession of the possession of the articles stolen, and this factor, with the other circumstances, of minor importance, of each case justified the conviction. *People* v. *Thompson*, 260 P.2d 1019; *People* v. *Price*, 213 P.2d 105; *People* v. *Platnick*, 103 P.2d 766; *People* v. *Russell*, 94 P.2d 400; *State* v. *Kinghorn*, 93 P.2d 964; *People* v. *Taylor*, 40 P.2d 870; *People* v. *Russell*, 8 P.2d 209; *People* v. *Scott*, 225 Pac. 767.

■ If to the foregoing we add the circumstance of defendant's flight upon being detained, the inference of guilt becomes stronger. *People* v. *Scott, supra.* Annotation, *"Flight as Evidence of Guilt,"* 25 A.L.R. 886; II Wigmore, Evidence, § 276; I Wharton, Criminal Evidence, § 205; Note in 3 U. of Fla. L. Rev. 121 (1950). The second error assigned was not committed either.

The judgment appealed from will be affirmed.